Jobs H. Galloway, Jr., J.
The assignor recorded a deed of assignment for the benefit of creditors in the office of the Clerk of Westchester County on July 20, 1962. The assignee moves for directions: (1) as to the disposition to be made by one of the assignor’s secured creditors of a certain security fund held by the creditor under a written agreement with the assignor; (2) as to who is entitled to the proceeds of such fund; (3) directing the secured creditor to sell the shares of stock constituting a part of the fund, and (4) to account to the assignee for the dividends it has received to date on said shares of stock.
The secured creditor, S. Klein Department Stores, Inc., as lessor, and the assignor, Bernadette, as lessee, had entered into agreements whereunder Bernadette operated musical instrument sales, rental and repair departments in Klein’s various stores. Bernadette was obligated to pay certain rents and other charges to Klein, which collected in the first instance all proceeds of the departments and, after deducting the rents and other charges, remitted the balance, if any, to Bernadette on monthly settlement sheets, and Bernadette wás liable for any deficiencies. The agreements established a fund to be held by Klein as security for Bernadette’s performance, which consisted of certain shares of stock plus the retention of 3% of the gross sales of the leased departments until the total fund aggregated $7,500.
Bernadette operated in Klein’s stores until April 30, 1962 when Klein terminated the agreements and Bernadette removed from the premises. At that time, according to Klein, the security fund consisted of $1,750.52 cash, plus the corporate stocks whose then market value was about $2,210, or a total of $3,960.52, including dividends received on the stocks.
Against this fund Klein claims the right to reimbursement of $3,295.89 for rent and other charges due from Bernadette; and in addition the sum of $116.38, the amount of a claim in suit by one of Bernadette’s suppliers commenced in October, 1962; and also the unspecified amount of a claim by one of Bernadette’s customers for breach of warranty of the sale of a musical instrument in October, 1961, upon which a suit was commenced in September, 1962.
The security fund agreement provides that “ The lessor may retain the monies (and stocks) constituting such fund until one (1) year after the termination of this agreement * * *,
such fund to be held as security for the purpose of indemnifying lessor against any and all claims of whatsoever nature arising out of or in connection with the operation of the department conducted by the lessee, including, but not limited to, refunds, *283 allowances, the cost of repairs and the settlement or disposition of any claims of any other kind or nature ”. At the expiration of the one-year period, the balance of the fund not disbursed by the lessor for such purposes is to be refunded to the lessee, Bernadette.
Klein accedes to the requested sale of the stocks, but objects to being required to turn over any portion of the fund to any third party. It claims the present right to apply the fund to Bernadette’s accrued indebtedness of $3,295.89, and to apply any balance thereof against the claim in suit and any other claims of third parties which it may be required under the lease and security fund agreements to pay during the one-year waiting period therein specified, before turning over any balance to Bernadette, its assignee, or to any one else.
A Bernadette creditor, Abalon Caterers, Inc., submits a claim of $6,313 on a judgment entered September 7, 1962 on certain notes for money loaned to Bernadette. Abalon asserts priority to any remaining balance of the Klein security fund over the assignee and another creditor, Alexander Apfelbaum Co., Inc., by virtue of an assignment of May 15, 1961 made to it by Bernadette of all moneys to become due to Bernadette from Klein.
The other creditor, Apfelbaum Co., claims to be entitled to the application of any remaining balance of the Klein security fund to the satisfaction of a judgment recovered by it on May 23, 1962 against Bernadette for goods sold and delivered in the amount of $4,567.36.
The assignee requests that the matter be referred to “ an official referee ” to hear and report or determine as to the validity and amount of Klein’s claims against the security fund, and to receive from Klein an accounting of the moneys and securities constituting same, including dividends and other income received from the principal thereof.
In our opinion, Klein may properly apply the security fund to satisfy its claims for rent and other charges against Bernadette, provided they accrued prior to July 20, 1962; also to payment of the supplier’s claim and to the customer’s claim for breach of warranty, provided that these claims accrued and were asserted prior to July 20, 1962, although the suits thereon were commenced subsequent to that date. Said fund may not be retained by Klein and applied against any possible claims which1 accrued and are asserted subsequent to July 20, 1962 as having arisen from Bernadette’s operation of the leased departments. Such claimants have no status other than general creditors in the assignment proceeding.
*284 In the interest of the expeditious marshaling, liquidation and distribution of the assignor’s property, all the facts in connection with Klein’s claims against Bernadette, as well as in connection with the two claims now in suit, should be fully and promptly disclosed by Klein to the assignee.
Accordingly, pursuant to section 16 of the Debtor and Creditor Law, Klein is directed to appear before the assignee, by officers or employees having knowledge of the facts, and to submit to examination under oath by the assignee, with respect to the validity and amount of its claims against the assignor, and of the two claims in suit, including the dates of assertion of said claims. Klein is also directed to produce on such examination all pertinent books, records, and papers as prescribed by the assignee. Said examination shall proceed promptly at such time as the parties concerned may agree upon, or at such time as the court will fix in the event of failure of agreement. (Cf. Matter of Dubonnet Furs [Blumberg], 186 Misc. 26, affd. 270 App. Div. 751.)
Klein is directed to sell forthwith the shares of stock it now holds as part of the security fund, and to deposit the proceeds thereof, together with the cash now held by it, in the Home Savings Bank in White Plains, New York, subject to withdrawal upon the order of this court. Bank interest, if any, payable thereon shall be added to the principal fund applicable first to Klein’s claims.
Upon ascertainment of the correct amount of Klein’s claims against Bernadette, and of the two claims in suit against Klein, the security fund on deposit shall be applied in satisfaction thereof. Any balance remaining shall be applied to payment of the claim of Abalon Caterers, Inc., which we determine to be entitled thereto by virtue of Bernadette’s assignment of May 15,1961.
We further determine that Alexander Apfelbaum Co., Inc., as a judgment creditor of Bernadette, pursuant to a judgment entered on May 23, 1962, is in the status of a general creditor, and is not entitled to any part of the Klein-Bernadette security fund, except to share with general creditors the balance, if any, remaining in the hands of the assignee after satisfaction of the Klein and Abalon claims.
And finally, Klein is directed to account to the assignee for the dividends heretofore received by it to date upon the stocks now held by it as part of the security fund. The amount thereof shall be applied to payment of Klein’s claims against Bernadette.
Though it may be that Klein holds the corpus of the security fund in New York City, this court’s jurisdiction over same is not *285 thereby defeated, since it has jurisdiction of Klein and Bernadette, domestic corporations doing business in the County of Westchester at the time of the recording of the Bernadette assignment for the benefit of creditors.